UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IBRAHIM ALLEYSIOUS KONTEH,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, New England Field Office Director, U.S. Immigration and Customs Enforcement; MICHAEL KROL, HSI New England Special Agent in Charge; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>Respondents. | Civil Action No. 1:25-cv-13849-IT |

MEMORANDUM & ORDER

December 23, 2025

TALWANI, D.J.

    Petitioner Ibrahim Alleysious Konteh is a Sierra Leonean national who reportedly entered the United States pursuant to a K-1 visa. Pet. ¶¶ 1, 12 [Doc. No. 1]. Petitioner alleges, and Respondents do not contest, that on December 15, 2025, federal immigration officials arrested Petitioner and placed him in the custody of U.S. Immigration and Customs Enforcement ("ICE"). Id. ¶ 22. Petitioner is currently detained at the ICE Field Office in Burlington, Massachusetts. Id. ¶ 1.

    On December 15, 2025, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends that, because he has a pending I-485 Application to Register Permanent Residence in the United States, his detention is unwarranted and violates the Fifth Amendment. See id. ¶ 2; id. at 4. Petitioner asks the court "to find that [he] was unlawfully detained and order his release, or, alternatively, to order that an Immigration Judge hold a bond hearing[.]" Id. ¶ 9.

1

Respondents concede that "the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), [Elias Escobar] v. Hyde, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), and Maza v. Hyde, No. 25-cv-12407-IT (D. Mass. Oct. 20, 2025)." Resp. 1 [Doc. No. 8] (cleaned up). Though Respondents note their disagreement with those decisions, Respondents acknowledge that, "should the Court follow its reasoning in Doe, [Elias] Escobar, and Maza, it would reach the same result here." Id.

Nothing in the record indicates that Petitioner, who entered the United States lawfully pursuant to a K-1 visa, was detained under 8 U.S.C. § 1225 rather than under 8 U.S.C. § 1226. The court finds the reasoning in Doe remains correct and that Petitioner's detention is governed by 8 U.S.C. § 1226. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (citing cases reaching the same conclusion).

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows: No later than December 30, 2025, Konteh must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Konteh in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

Respondents shall submit a status report on this matter no later than January 5, 2026.

IT IS SO ORDERED.

December 23, 2025                    /s/ Indira Talwani
                                     United States District Judge